```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAY B. ROSS, et al., | CIVIL ACTION NO. 05-1300 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| CELTRON INTERNATIONAL, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Defendants move pursuant to Federal Rule of Civil Procedure ("Rule") 12(b) to dismiss the claims asserted against them for, inter alia, securities fraud, and professional negligence. (Dkt. entry nos. 7, 9.)  Defendant Cordovano and Honeck LLP ("C & H"),[1] filed a separate motion seeking dismissal of the claims asserted against it.[2] (Dkt. entry no. 7.)  The Court, for the reasons stated herein, will deny both motions.

## BACKGROUND

Plaintiff Jay B. Ross ("Ross") is the sole shareholder of plaintiff Protocol Electronics, Inc. ("Protocol"), a New Jersey corporation located in Lambertville, New Jersey.  (Compl., at ¶

---

[1] The Complaint designates Cordovano & Honeck **P.C.** as a defendant.  In its motion papers, C & H indicates that its proper name is Cordovano & Honeck **LLP**.  (C & H Br., at 1.)

[2] This opinion will discuss both motions together.  When appropriate it will distinguish between arguments made by C & H in its motion and arguments made by the remaining defendants in their motion.  The term defendants will be used to refer to all the defendants except for C & H.

1-2.)  Ross on behalf of Protocol executed a contract in 1995 with defendant Celtron International, Ltd. ("Celtron Ltd.") to develop a "mobile credit card based cellular pay phone system" ("the product") for Celtron Ltd.  (Id. at ¶¶ 19-21.)  As compensation, Celtron Ltd. agreed, among other things, to issue Ross fifteen percent of Celtron Ltd. stock (approximately 1.8 million shares).  (Id. at ¶¶ 22, 29.)  The plaintiffs completed the product and delivered it to Celtron Ltd. in 1997.  (Id. at ¶ 23.)  Celtron Ltd. effectively became Celtron International Inc. ("Celtron Inc.") in 2001 when Et Voila! European Cafes Inc. ("Et Voila") bought all the assets of Celtron Ltd., and changed Et Voila's name to Celtron Inc.  (Id. at ¶¶ 27, 34.)[3]

Defendants Allen Harrington, Amanda Harrington, Marius Jordaan ("Jordaan"), and Ron Pienaar ("Pienaar") were directors of Celtron Inc.  (Id. at ¶¶ 6-9.)  Defendant Kenneth Eade ("Eade") provided legal counsel to Celtron Inc., and defendants C & H, and Rogelio Castro ("Castro") provided independent auditing services to Celtron Inc.  (Id. at ¶¶ 11-13.)  Defendant Zirk Engelbrecht ("Engelbrecht") was a stock promoter for Celtron Inc.  (Id. at ¶ 14.)

---

[3] Defendants in their motion assert that Celtron Inc. and Celtron Ltd. are two separate entities, and no business combination or change of name has taken place. (Defs. Br., at 2-3.)  Celtron Ltd., rather was a majority shareholder of Celtron Inc. (Id.)

The plaintiffs allege that Allen Harrington, and Amanda Harrington refused to issue any shares to Ross when he completed the work required under the contract. (Id. at ¶ 24.) They also allege that all the defendants certified several forms that were filed with the United States Securities Exchange Commission that failed to acknowledge and disclose Ross's ownership interest in the shares as required by law. (Id. at ¶¶ 30-59.) Plaintiffs brought an action against the defendants for violations of the Securities Exchange Act of 1934 ("the Exchange Act"), professional negligence, and various other state law claims as a result. C & H and the defendants now move to dismiss all the claims asserted against them.

## DISCUSSION

C & H and the defendants seek to dismiss the claims asserted against them pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (Defs. Br., at 4; C & H Br., at 9.) The defendants also argue that the claims asserted against them should be dismissed because (1) they are barred by the statute of limitations, and (2) the plaintiffs have failed to state claims upon which relief can be granted. (Defs. Br., at 7, 8-20.)

I. **Personal Jurisdiction**

C & H and the defendants argue that the claims asserted against them should be dismissed for lack of personal jurisdiction because they do not have minimum contacts with New

Jersey.  (C & H Br., at 9; Defs. Br., at 4.)  The plaintiffs argue that the Court can exercise personal jurisdiction over C & H and the defendants because they have minimum contacts with the United States as a whole.  (Pl. Br., at 7.)

    A. Standard for Personal Jurisdiction

    To exercise jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987) (alteration in original) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 320 (1945)).  The contacts must result from the defendant's purposeful conduct with the forum such that the defendant "should reasonably anticipate being haled into court" in the forum.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

    When a federal statute authorizes nationwide service of process, the relevant forum with which the defendant must have minimum contacts is the United States as whole, not the individual state in which the suit is brought.  Sec. Exch. Comm'n v. Carrillo, 115 F.3d 1540, 1543 (11th Cir. 1997); Busch v. Buchman, Buchman, & O'Brien, 11 F.3d 1255, 1257-58 (5th Cir. 1994); Sovereign Bank v. Rochester Cmty. Sav. Bank, 907 F.Supp.

4

123, 125 (E.D. Pa. 1995); City of Harrisburg v. Bradford Trust Co., 621 F.Supp. 463, 467 (M.D. Pa. 1985). Section 27 of the Exchange Act, codified at 15 U.S.C § 78aa, authorizes nationwide service of process. It provides:

> [t]he district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter. . . Any suit or action to enforce any liability or duty created by this chapter. . . may be brought in any such district. . . wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C § 77aa. "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Exchange Act confers personal jurisdiction over the defendant in any federal district court." Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1316 (9th Cir. 1985). "Minimum contacts exist where the defendant is (i) doing business in the United States, (ii) doing an act in the United States, or (iii) causing an effect in the United States by an act done elsewhere." Derensis v. Coopers & Lybrand Chartered Accountants, 930 F.Supp. 1003, 1014 (D.N.J. 1996). Residence in the United States is also a sufficient minimum contact to establish personal jurisdiction. Busch, 11 F.3d at 1258; Sovereign Bank, 907 F.Supp. at 125; Ginsburg v. Faragalli, 776 F.Supp. 806, 808 (S.D.N.Y. 1991).

5

The plaintiff bears the burden of demonstrating sufficient contacts with the forum to justify the exercise of jurisdiction when a defendant raises the absence of personal jurisdiction. See, e.g., N. Penn Gas Co. v. Corning Nat. Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990) (citations omitted).  The plaintiff need only make a prima facie demonstration of jurisdiction by establishing with sufficient particularity the presence of contacts between the defendant and the forum.  See, e.g., Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). A court, in examining whether the plaintiff has satisfied this prima facie burden, must resolve all disputes of material facts in favor of the non-moving plaintiff.  See, e.g., Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (citations omitted).

### B. Analysis

Count 4 and Count 5 of the complaint allege that C & H and the defendants committed securities fraud in violation of sections 78(b) and 78r(a) of the Exchange Act.  (Compl., at 24-25.)  C & H, and the defendants, therefore, need to have minimum contacts with the United States as a whole for this Court to have jurisdiction over them.  "Having personal jurisdiction over the defendant for purposes of the federal question . . . vests th[e] court with discretionary jurisdiction over the same defendant for purposes of any truly pendent state law claims as well."  Stuart-

James Co., Inc. v. Rossini, 736 F.Supp. 800, 804 (N.D. Ill. 1990).  See also Oxford First Corp. v. PNC Liquidating Corp., 372 F.Supp. 191, 196 n.15 (E.D. Pa. 1974).  "Each defendant's contacts with the forum State [the United States] must be assessed individually."  Calder v. Jones, 465 U.S. 783, 790 (1984).

> i. The Court has personal jurisdiction over C & H

The Court has personal jurisdiction over C & H because it has minimum contacts with the United States.  C & H is an accounting and auditing firm located in Colorado.  (C & H Br., at 1.)  C & H conducts business in both Colorado and other states, and prepared audit reports for Celtron Inc. in Colorado.  (Id. at 3; Cordovano Certif., at 6.)  Samuel Cordovano and his partner Cole Honeck are Colorado residents.  (Id. at 2; Cordovano Certif., at 2.)

> ii. The Court has personal jurisdiction over Celtron Inc. and all other defendants

The Court, viewing disputed facts in the light most favorable to the plaintiffs, has personal jurisdiction over defendants Eade, Castro, Engelbrecht, Celtron Inc., and Celtron Ltd. because they are United States residents.[4]  Eade, Castro,

---

[4] Defendants filed the present motion in response to the Complaint instead of a formal Answer.  Therefore the plaintiffs' assertions in the complaint have not been formally admitted or denied.  Where the defendants provide relevant factual information in their brief that is consistent with the complaint, the defendants' brief is cited.

and Engelbrecht are residents of California.  (Defs. Br., at 4.) Celtron Inc. is a Nevada corporation with a principal place of business in California.[5]  (Id. at 6.)  It trades on the over-the-counter bulletin board of NASDAQ, and conducts business in New Jersey.  (Compl., at ¶ 5; Defs. Reply Br., at 5.)

Celtron Ltd. was a corporation organized under the laws of Ireland whose assets were bought by Et Voila, a Nevada corporation.  (Compl., at ¶¶ 10, 26-27.)  Et Voila changed its name to Celtron Inc., transforming Celtron Ltd., an Irish corporation to Celtron Inc., a Nevada corporation.  (Id. at ¶ 34.)

Defendants Amanda Harrington, Allen Harrington, Pienaar, and Jordaan are residents of South Africa.  (Defs. Br., at 4.) Jordaan and Pienaar were directors of Celtron Inc.  (Compl., at ¶ 8-9.)  Amanda Harrington was Celtron Inc.'s Chief Financial Officer.  Allen Harrington chaired the Board of Directors, and served as Celtron Inc.'s Chief Executive Officer and Secretary. Their actions as corporate directors for a Nevada corporation subject them to personal jurisdiction in this Court.  See, Carrillo, 115 F.3d at 1547-48 (exercising personal jurisdiction over Costan Rican residents who were officers of a Costa Rican corporation because they were the primary participants in the

---

[5] The plaintiffs in the complaint indicate Celtron Inc. principally conducts business from South Africa.  (Compl., at ¶ 5.)

8

alleged contacts with the United States); <u>Leasco Data Processing Equip. Corp. v. Maxwell</u>, 468 F.2d 1326, 1340 (2d Cir. 1972) (noting that Section 27 "demonstrates an intention to authorize service on a defendant who can be 'found' only in a foreign country" when a defendant's conduct affects the forum); <u>Derensis</u>, 930 F.Supp. at 1014 (asserting personal jurisdiction in New Jersey over two Canadian corporate directors who conducted their business activities in Canada and did not have direct contact with the forum, but approved and disseminated financial statements they knew would influence stock prices on NASDAQ); <u>Landry v. Price Waterhouse Chartered Accountants</u>, 715 F.Supp. 98, 101 (S.D.N.Y. 1989) (discussing Section 27 and noting "[a] court may exercise personal jurisdiction over a foreign defendant who causes an effect in the forum by an act committed elsewhere.").

The plaintiffs allege that the Harringtons', Pienaar's, and Jordaan's actions had effects and consequences in the United States. (<u>Id.</u> at ¶¶ 6-7.) Allen Harrington and Ross signed the work contract at issue in New Jersey, and Harrington sent multiple e-mails that falsely represented the status of Ross's shares from South Africa to Ross in New Jersey. (<u>Id.</u> at ¶¶ 3, 51-57.)[6] The Harringtons, Jordaan, and Pienaar certified the accuracy of the statements made in the various forms required to

---

[6] The work contract at issue is submitted as Exhibit A of the Affidavit of Paul Castronovo.

be filed with the United States Securities and Exchange Commission. (Id. at ¶¶ 31, 36, 40, 46, 48.) Ross relied upon the representations on the forms and the statements induced him to continue working in New Jersey on projects for the defendants. (Id. at ¶¶ 113, 118.) The Court can properly exercise jurisdiction over all the defendants because they have minimum contacts with the United States. Therefore, dismissal of the claims for lack of jurisdiction is improper.

**II.   Statute of Limitations**

The defendants argue that Count 1 through Count 5, Count 12, and Count 13 are barred by the statute of limitations. (Defs. Br., at 7.) The plaintiffs argue that the claims are not barred because the complaint was filed within the statutory period. (Pl. Br., at 18.)

Count 4 and Count 5 allege violations of the Exchange Act. (Compl.) A claim for a violation of the Exchange Act must be brought "within one year after the discovery of the facts constituting the cause of action." 15 U.S.C. § 78r(c). The statute of limitations for the state law claims asserted in Count 1 through Count 3, Count 12, and Count 13 is six years from the time the cause of action accrued. N.J.S.A. § 2A:14-1.

The plaintiffs and defendants agree on the above statutory periods. (Pl. Br., at 18-19; Defs. Br., at 7-8.) The two parties dispute when the claims arose. Defendants argue that the

10

securities claims arose in 2001 when the first report that contained the alleged material omission was filed. (Defs. Br., at 7.) The plaintiffs assert that the claims arose in 2004 when Ross learned that he would not receive the stock he was owed, despite prior statements by the defendants that he would receive the stock when the lock-up period expired in 2004. (Pl. Br., at 19.)

The defendants argue that the state law claims accrued in 1997 when Ross delivered the product he had developed to Celtron Inc., and the defendants failed to issue any shares. (Defs. Br., at 8.) The plaintiffs argue that the claims did not arise until 2004 when Ross became aware that the defendants were not going to transfer the shares owed to him for the work he performed. (Pl. Br., at 20.) The dismissal of the claims based upon the statute of limitations is denied, due to (1) the factual dispute as to when the plaintiffs should have, and did, become aware of their claims, and (2) the absence of formal discovery at this early stage of the litigation.

### III. **Failure to State a Cause of Action**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the action, but merely tests the legal sufficiency of a complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). A court may grant a motion to dismiss a complaint under

Rule 12(b)(6) "only if, accepting all alleged facts as true, the plaintiff is not entitled to relief." Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). See also Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

The Court, when considering such a motion, must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). A court need not, however, credit "bald assertions" or "legal conclusions," nor should it accept "unwarranted inferences" when deciding a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "Dismissal of claims [on a motion to dismiss] is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when confronted with a Rule 12(b)(6) motion to dismiss, generally only considers the allegations in the complaint, exhibits attached to the complaint, and public records. Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999). We generally cannot "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig.,

114 F.3d 1410, 1426 (3d Cir. 1997). We may, however, consider all documents that are "integral to or explicitly relied upon in the complaint." Id. (quotations and citation omitted).

The defendants argue that the plaintiffs fail to state claims for breach of contract, promissory estoppel, common law fraud, securities fraud, violations of the New Jersey Civil Racketeering Influenced and Corrupt Organizations Act ("RICO") and RICO Conspiracy, professional negligence of Kenneth Eade, negligence of the directors and officers, and tortious interference with contract (Counts 1-8, and Counts 12-13). (Defs. Br., at 8-20.) The plaintiffs argue that the complaint alleges all the elements necessary to make out the claims asserted. (Pl. Br., at 22-36.) In reply to the defendants' motion, the plaintiffs list the elements of each claim, and the corresponding paragraphs in the complaint that allege those elements. (Id.) Accepting as true the facts asserted, and viewing them in the light most favorable to the plaintiffs, the complaint alleges claims upon which relief can be granted. The Court therefore will deny the motion to dismiss based on failure to state a claim pursuant to Rule 12(b)(6).

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny both C & H's motion to dismiss, and the defendants' motion to dismiss. An appropriate order will be issued.

　　　s/ Mary L. Cooper　　　
**MARY L. COOPER**
United States District Judge
