<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAY B. ROSS, et al. | : | CIVIL ACTION NO. 05-1300 (MLC) |
|  | : |  |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| CELTRON INTERNATIONAL, INC., | : |  |
| et al. | : |  |
|  | : |  |
| Defendants. | : |  |

<u>**COOPER, District Judge**</u>

Defendant Kenneth Eade ("Eade"), who appears <u>pro</u> <u>se</u>, moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b) to dismiss the claims asserted against him for securities fraud, violations of the New Jersey Civil Racketeering Influenced and Corrupt Organizations Act ("RICO"), and professional negligence. (Dkt. entry nos. 53, 54.)  The Court, for the reasons stated herein, will (1) grant the part of the motion seeking to dismiss counts four and five of the amended complaint as to Eade, and (2) deny the part of the motion seeking to dismiss counts six, seven, and eight of the amended complaint as to him.

<u>**BACKGROUND**</u>

Plaintiff Jay B. Ross ("Ross") is the sole shareholder of plaintiff Protocol Electronics, Inc. ("Protocol"), a New Jersey corporation located in Lambertville, New Jersey.  (Amended Compl., at ¶ 1-2.)  On May 23, 1995, Ross, on behalf of Protocol,

entered into a contract with defendant Celtron International, Ltd. ("Celtron Ltd.") though its sole shareholder, defendant Allen Harrington.  (Id., at ¶ 20.)  The contract required Protocol to develop a "mobile credit card based cellular pay phone system" (the "Product") for Celtron Ltd. and to transfer all intellectual property rights in the Product to Celtron Ltd. (Id. at ¶ 22; Eade Br., at 1-2.)  As compensation, Celtron Ltd. agreed, among other things, to issue Ross fifteen percent of Celtron Ltd.'s stock and appoint Ross to the Board of Directors of Celtron Ltd. upon registration.  (Amended Compl., at ¶ 23; Eade Br., at 1-2.)  The plaintiffs completed the Product and delivered it to Celtron Ltd. in 1997.  (Amended Compl., at ¶ 24.) The plaintiffs allege that defendants Celtron Ltd., Allen Harrington, and Amanda Harrington, an officer of Celtron Ltd., refused to issue any shares to Ross after he completed the work required by the contract.  (Id. at ¶ 25.)

Celtron Ltd. effectively became Celtron International, Inc. ("Celtron Inc.") in 2001 when Et Voila! European Cafes Inc. ("Et Voila"), a Nevada corporation, purchased all the assets of Celtron Ltd., and changed Et Voila's name to Celtron Inc.  (Id. at ¶¶ 27-28, 35.)  Eade served as legal counsel to Celtron Inc. and its predecessors.  (Id. at ¶¶ 43, 61.)  Et Viola's 2001 Form 10-KSB, which it certified and filed with the Securities Exchange Commission ("SEC") on April 1, 2002, did not list Ross as owning

2

or having any entitlement to fifteen percent of its shares.  (Id. at ¶ 29-30.)  In 2004, Celtron Inc. filed the following documents with the SEC, which did not list Ross or Protocol as owning or having any entitlement to fifteen percent of Celtron Inc.'s shares: (1) a Form 10-KSB/A, (2) a Form 8-K disclosing Celtron Inc.'s negotiations to sell a subsidiary, and (3) an Amended Form S-8 requesting registration of 4.5 million of its shares to compensate employees.  (Id. at ¶¶ 39-40, 45-46, 49-50.)

The plaintiffs allege that the defendants certified and filed various documents with the SEC, but intentionally failed to acknowledge and disclose Ross's ownership interest in Celtron Inc.'s shares as required by law.  (Id. at ¶¶ 7-14.)  As a result, the plaintiffs commenced this action against the defendants for violations of the Securities Exchange Act of 1934, professional negligence, and various other state law claims.  The defendants moved to dismiss the claims asserted against them.[1] (Dkt. entry nos. 7, 9.)  On October 1, 2005, the Court issued a memorandum opinion and order (the "October Opinion") denying both motions to dismiss the plaintiffs' claims.  (Dkt. entry nos. 25, 26.)  On April 7, 2006, the plaintiffs filed an amended

---

[1] Defendant Cordovano and Honeck, P.C. moved on June 14, 2005, to dismiss the claims asserted against it in the complaint. (Dkt. entry no. 7.)  On June 27, 2004, the remaining defendants filed a separate motion seeking to dismiss the claims asserted against them.  (Dkt. entry no. 9.)  The court addressed both motions together.  (Dkt. entry nos. 25, 26.)

complaint.  Eade now moves to dismiss the claims asserted against him in the amended complaint.  (Dkt. entry nos. 53, 54.)

## DISCUSSION

Eade argues that the claims asserted against him should be dismissed because the plaintiffs have failed to state claims upon which relief can be granted.  (Eade Br., at 2.)  The plaintiffs contend that the amended complaint clearly alleges facts substantiating the elements of each claim against Eade.  (Pl. Br., at 4.)  The plaintiffs further contend that the amended complaint does not assert any additional claims or make any new factual allegations against Eade, and thus, the motion should be denied for the reasons stated in the October Opinion.  (Pl. Br., at 2.)[2]

## I.    The Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the action, but merely tests the legal sufficiency of a complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  A court may grant a motion to dismiss a complaint under Rule 12(b)(6) "only if, accepting all alleged facts as true, the

---

[2] The Court acknowledges that the amended complaint does not assert any new factual allegations or claims against Eade. Nevertheless, the Court will address Eade's arguments as they now apply to the amended complaint, and determine whether the amended complaint is legally sufficient insofar as it asserts claims against him.

plaintiff is not entitled to relief." Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).

The Court, when considering such a motion, must accept as true all well-pleaded factual allegations in the complaint, and view them in the light most favorable to the plaintiff. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004); see also Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) ("We must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them.") A court, however, need not credit "bald assertions" or "legal conclusions," nor should it accept "unwarranted inferences" when deciding a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "Dismissal of claims [on a motion to dismiss] is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when confronted with a Rule 12(b)(6) motion to dismiss, generally only considers the allegations in the complaint, exhibits attached to the complaint, and public records. Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999). We generally cannot "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). We may, however, consider

all documents that are "integral to or explicitly relied upon in the complaint."  Id. (quotations and citation omitted).

## II.  Analysis

### A.  The Securities Fraud Claims (Counts Four and Five)

Eade argues that the plaintiffs fail to state claims for securities fraud against him under either (1) 15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b-5 (count four), or (2) 15 U.S.C. § 78r(a) (count five) because the plaintiffs have not met the heightened pleading standards applicable to securities fraud claims pursuant to Rule 9(b) and the Private Securities Litigation Reform Act. (Eade Br., at 3.).  In their brief in opposition to the motion, the plaintiffs do not address Eade's arguments with respect to counts four and five of the amended complaint because, according to plaintiffs, "the Amended Complaint does not assert securities fraud claims against Eade."  (Pl. Br., at 1.)  Counts four and five of the amended complaint allege that the "Defendants . . . made materially false statements and/or omissions of material facts" regarding the stock ownership of Celtron Inc. and the stockholders of Celtron Inc. and Ross suffered damages as a direct result of the defendants' conduct.  (Amended Compl., at ¶¶ 111-115, 118-122 (emphasis added).)  Thus, the amended complaint does not specify that the securities fraud claims are limited to certain named defendants or that these claims do not apply to Eade.  However, based on the plaintiffs' statement in their brief

6

that their securities fraud claims do not apply to Eade, the
Court will grant the part of the motion seeking to dismiss counts
four and five of the amended complaint insofar as they apply to
Eade.

**B.    The RICO and Professional Negligence Claims (Counts
       Six, Seven, and Eight)**

Eade also argues that the plaintiffs fail to state claims
for (1) violations of RICO, (2) RICO conspiracy, and (3)
professional negligence.  (Defs. Br., at 9-13.)  The plaintiffs
argue that the amended complaint alleges all the elements
necessary to establish these claims against Eade.  (Pl. Br., at
4-7.)  In their brief in opposition to the motion, the plaintiffs
list the elements of a RICO claim, a RICO conspiracy claim, and a
legal malpractice claim, as well as the corresponding paragraphs
in the amended complaint that explicitly allege those elements.
(Id.)  Accepting as true the well-pleaded facts asserted, and
viewing them in the light most favorable to the plaintiffs, the
Court finds that the plaintiffs have adequately alleged facts
establishing their claims and indicating that they may be
entitled to relief.  See Carino, 376 F.3d at 159; Jakomas, 229
F.Supp.2d at 419.  Therefore, the Court will deny the part of the
motion seeking to dismiss counts six, seven, and eight of the
amended complaint pursuant to Rule 12(b)(6) because the amended
complaint sufficiently alleges claims upon which relief can be
granted.

## <u>CONCLUSION</u>

The Court, for the reasons stated <u>supra</u>, will (1) grant the part of the motion seeking to dismiss counts four and five of the amended complaint insofar as they are asserted against Eade, and (2) deny the part of the motion seeking to dismiss counts six, seven, and eight of the amended complaint insofar as they are asserted against him.  The Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper       
**MARY L. COOPER**
United States District Judge
