UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAY B. ROSS, et al. | : | CIVIL ACTION NO. 05-1300 (MLC) |
|  | : |  |
| Plaintiffs, | : | **O R D E R** |
|  | : |  |
| v. | : |  |
|  | : |  |
| CELTRON INTERNATIONAL, INC., | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE MAGISTRATE JUDGE** having entered an order on August 21, 2007, <u>inter alia</u>, (1) relieving counsel for defendants Allen Harrington, Amanda Harrington, and Celtron International, Ltd. ("Defendants") "of any further responsibility in this case", and (2) stating that if Defendants "fail to secure new counsel or enter an appearance <u>pro se</u> by September 24, 2007, then Plaintiffs can move for default judgment" (dkt. entry no. 88, 8-21-07 Ord., at 3); and plaintiffs having moved for entry of judgment by default against Defendants on September 26, 2007 ("September Default Motion") (dkt. entry no. 89); and plaintiffs having argued, in support of the September Default Motion, that "Defendants have failed to secure new counsel or otherwise enter an appearance in this matter", and thus, they are entitled to an entry of judgment by default pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) (<u>id.</u>, Castronovo Aff., at ¶¶ 5-6); and

**THE COURT** having determined, after reviewing the September Default Motion, that plaintiffs did not seek entry of default prior to moving for entry of judgment by default against Defendants, see Limehouse v. Del., 144 Fed.Appx. 921, 923 (3d Cir. 2005) (stating that the district court properly denied the motion for entry of judgment by default against certain defendants because the plaintiff failed to obtain entry of default before seeking the judgment); and the Court having noted that Rule 55 provides that a plaintiff must seek entry of default before the Court may enter judgment by default against a defendant, see Fed.R.Civ.P. 55(a)-(b), Arista Records, LLC v. Callie, No. 07-712, 2007 U.S. Dist. LEXIS 43563, at *1-*2 (D.N.J. June 15, 2007); and the Court thus treating the motion as requesting entry of default against Defendants; and the Court having (1) granted the September Default Motion, (2) directed the Clerk of the Court to enter default against Defendants, and (3) ordered that plaintiffs could now move for judgment by default against Defendants (dkt. entry no. 92, 10-23-07 Ord.); and the Clerk of the Court having entered default against each of the Defendants on October 23, 2007 (dkt. entry btwn. dkt. entry nos. 92 & 93); and

**PLAINTIFFS** moving for judgment by default against Defendants on October 26, 2007 (dkt. entry no. 93); and Defendants cross-moving to vacate the entry of default entered against each of

them, on February 11, 2008 (dkt. entry no. 95); and Defendants arguing, <u>inter</u> <u>alia</u>, that (1) they were able to reach an agreement with their previous counsel in January 2008 "regarding the renewed and continuing legal representation for this matter", (2) plaintiffs will not be prejudiced if the entry of default entered against each of them is set aside because discovery is already complete and all parties are prepared for trial, (3) they have asserted numerous meritorious defenses to plaintiffs' claims in this action, and (4) the entry of default entered against each of them was not the result of culpable conduct, but instead resulted from their inability "to get their finances up to date" and secure counsel (dkt. entry no. 95-2, Defs. Br., at 1-4); and plaintiffs arguing in opposition to the Defendants' cross motion to vacate default that (1) "the record shows the Defendants' history of delay tactics and willful defiance of the Court", (2) Defendants ignored the Magistrate Judge's order, which directed them to secure new counsel or file <u>pro se</u> appearances within 30 days of the date of the order, and (3) the Court should not vacate the entry of default entered against each of the Defendants because they engaged in a "willful strategy of impediment" (dkt. entry no. 96, Pls. Br., at 2); and

**THE COURT** noting that Rule 55(c) states, "[t]he court may set aside an entry of default for good cause"; and the Court further noting that in considering a motion to set aside an entry

of default, the Court must consider whether (1) the plaintiff
will be prejudiced, (2) the defendant has any meritorious
defense, and (3) the entry of default resulted from the
defendant's culpable conduct, Miles v. Aramark Corr. Serv. at
Curran Fromhold Corr. Facility, 236 Fed.Appx. 746, 751 (3d Cir.
2007), Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14,
19 (3d Cir. 1985), U.S. v. $55,518.05 in U.S. Currency, 728 F.2d
192, 195 (3d Cir. 1984), see Gross v. Stereo Component Sys.,
Inc., 799 F.2d 120, 122 (3d Cir. 1983); and the Court emphasizing
that "a meritorious defense is accomplished when 'allegations of
defendant's answer, if established on trial, would constitute a
complete defense'", $55,518.05 in U.S. Currency, 728 F.2d at 195
(citations omitted); and the Court also emphasizing that entry of
default is disfavored, and thus, "doubtful cases" should be
resolved in favor of the party moving to vacate the entry of
default so that claims may be decided on the merits, id. at 194-
95; and

THE COURT finding that plaintiffs will not be prejudiced if
the entry of default entered against each of the Defendants is
set aside because (1) plaintiffs' ability to pursue their claims
against Defendants has not been impeded or hindered by the
default entries, and (2) there will be no further delays in this
action as discovery is complete, summary judgment motions have
already been decided, and all parties are prepared to proceed to

trial, see Miles, 236 Fed.Appx. at 751; and the Court finding that Defendants have asserted defenses both in their answer and in their brief in support of their motion for summary judgment that, if proven at trial, would constitute complete defenses to plaintiffs' remaining claims against them (see dkt. entry nos. 28, 50, 68-3), see $55,518.05 in U.S. Currency, 728 F.2d at 195; and the Court also finding that although Defendants were irresponsible and negligent by failing to notify the Court that they were encountering financial difficulties and needed additional time to obtain counsel, such conduct was not willful or in bad faith, see Miles, 236 Fed.Appx. at 751; and

THE COURT having reviewed and considered carefully the papers submitted by the parties; and the Court having considered the matter without oral argument pursuant to Rule 78(b); and the Court intending to grant Defendants' cross motion to vacate the entry of default entered against each of them; and for good cause appearing;

**IT IS THEREFORE** on this        17th        day of March, 2008 **ORDERED** that plaintiffs' motion for entry of judgment by default against defendants Allen Harrington, Amanda Harrington, and Celtron International, Ltd. (dkt. entry no. 93), is **DENIED**; and

**IT IS FURTHER ORDERED** that the cross motion to vacate default by defendants Allen Harrington, Amanda Harrington, and Celtron International, Ltd. (dkt. entry no. 95), is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court vacate the entry of default entered against defendants Allen Harrington, Amanda Harrington, and Celtron International, Ltd. (<u>see</u> dkt. entry btwn. dkt. entry nos. 92 & 93); and

**IT IS FURTHER ORDERED** that counsel for defendants Allen Harrington, Amanda Harrington, and Celtron International, Ltd. contact the Courtroom Deputy, Elizabeth Heffner, by March 27, 2008, in order to discuss a trial date.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge